IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY ASSOCIATES<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-397C<br>(Judge Bush) |

DEFENDANT'S ANSWER

For its answer to plaintiff's first amended complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies.

3. The allegation contained in paragraph 3 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

4. The allegation contained in paragraph 4 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Denies the allegation contained in paragraph 7 that the referenced apartment project was purchased with the referenced loan; otherwise admits the allegation contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

11. Admits the allegations contained in paragraph 11 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

14. Admits that on or about March 8, 2002, Mr. Gant Miller submitted a written prepayment request concerning the referenced property. Admits the remainder of the allegations contained in paragraph 14 to the extent supported by the prepayment request cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that the USDA did not accept the referenced prepayment. .

16. Defendant incorporates its responses to paragraphs 1 through 15 in response to paragraph 16.

17. Denies.

18. Denies.

19. Denies that plaintiffs are entitled to any of the relief requested in the prayer for relief.

20. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael S. Dufault
Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice
Alicia Peden
Office of General Counsel
Department of Agriculture

August 7, 2006