IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-397C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, Amy Associates, and defendant, the United States, respectfully submit this Joint Preliminary Status Report, setting forth the responses called for under Section III of Appendix A to the Rules of this Court:

**4(a) Does the Court have jurisdiction over the action?**

Plaintiff believes this Court has proper jurisdiction over this matter. Defendant states that it has identified no reason to question the Court's jurisdiction at this time.

**(b) Should the case be consolidated with any other case and, if so, why?**

Plaintiff believes this case should be consolidated with Civil Action No. 06-616 C, Gantt W. Miller, et al. v. The United States, as both matters involve identical Plaintiffs (Gantt Miller is the only remaining authorized agent of Amy Associates); the relevant properties relate to both cases and

all loan agreements provide similar terms and conditions pursuant to Section 515 of the Housing Act (1949).

**(c) Should trial of liability and damages be bifurcated and, if so, why?**

Plaintiff believes liability has been established in this matter, pursuant to several controlling opinions, most importantly Franconia Associates v. United States, 61 Fed. Cl. 718 (2004). Accordingly, the only remaining issue is the amount of damages. Defendant believes that both liability and damages must be resolved, and that the liability decision in Franconia is not binding or controlling here. Nevertheless, if liability is not resolved upon motion and must be tried, the parties do not believe that trial of liability and damages should be bifurcated.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and, if so, why?**

No.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No.

**(f) Will additional parties be joined?**

Plaintiff provides no, unless otherwise discovered.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Depending upon the Government's position, plaintiff intends to file a motion for summary judgment as to liability. The defendant may file a motion for summary judgment as to liability with respect to all plaintiffs.

**(h) What are the relevant factual and legal issues?**

Plaintiff believes the legal issues regarding liability of the Government have been established in Franconia, and the only remaining factual issues are the ability of Plaintiff to prepay the applicable loans and resulting damages. Defendant believes that the liability decision in Franconia is not binding or controlling here, and that, in addition to the issues identified by plaintiffs, the following issues are involved:

(1) Whether the enactment of the Emergency Low Income Housing Preservation Act, Pub. L. No. 100-242, 101 Stat. 1877 (1988) ("ELIPHA"), and the Housing and Community Development Act of 1992, Publ. L. No. 102-550, 106 Stat. 3672 (1992) ("the 1992 Act"), constituted a repudiation of Plaintiffs' contracts.

(2) Whether the Government's actions of which plaintiffs complain constituted a breach of plaintiffs' contracts.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties believe that a reasonable likelihood of settlement exists. The parties will likely need to exchange relevant documents in order to properly evaluate settlement issues. The parties do not object to the utilization of the Court's alternative dispute resolution procedures.

**(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

Trial will be required if settlement efforts prove unavailing. The parties do not anticipate a request for expedited trial scheduling.

**(k) Are there special issues regarding electronic case management needs?**

No.

**(l) Is there other information of which the court should be aware at this time?**

No.

**5. Discovery Plan:**

In the event the case is stayed pending settlement and settlement efforts prove unsuccessful, factual discovery should be concluded nine (9) months from the termination of the stay, and expert discovery should be concluded twelve (12) months from

the termination of the stay. In the event the case is not stayed, the parties propose that similar guidelines be applied from the time that it is determined that no stay will be imposed.

**6. Not applicable.**

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Michael S. Dufault
MICHAEL S. DUFAULT
Trial Attorney
Commercial Litigation
Branch Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
Phone: (202) 353-7961
Facsimile: (202) 353-7988

September 28, 2006

Counsel for Defendant

/s/Christopher P. Stroech

Christopher P. Stroech, Esq.
Arnold, Cesare & Bailey, PLLC
P.O. Box 69, 117 E. German Street
Shepherdstown, WV 25443
304.876.1575
304.876.9186 (Fax)
cstroech@acbattorneys.com

September 28, 2006 Counsel for Plaintiff