# In the United States Court of Federal Claim

No. 06-397 C

(Filed October 17, 2006)

* * * * * * * * * * * * * * * * * * * * *
AMY ASSOCIATES, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * *

## ORDER

On September 28, 2006, the parties filed their Joint Preliminary Status Report (JPSR) pursuant to Section III of Appendix A to the rules of this court. Therein, plaintiff opines that this case should be consolidated with *Gantt W. Miller, et al. v. United States*, Civil Action No. 06-616 C. In support of this assertion, plaintiff states that both matters involve identical plaintiffs (counsel asserts that Gantt Miller is the only remaining authorized agent of Amy Associates); the relevant properties relate to both cases and all loan agreements provide similar terms and conditions pursuant to Section 515 of the Housing Act of 1949). The JPSR does not contain defendant's position on this matter and to date, the court has received no request to consolidate from the plaintiff in *Miller*.

While neither party rules out the necessity for cross dispositive motions or a trial to resolve this litigation, both parties assert that there exists a reasonable likelihood of settlement and express a desire to engage in settlement negotiations. In that regard, counsel state that the parties will likely need to exchange relevant documents in order to properly evaluate settlement issues and they also indicate that the parties would not be adverse to utilization of the court's alternative dispute resolution procedures (ADR). Finally, the parties state:

> In the event the case is stayed pending settlement and settlement efforts prove unsuccessful, factual discovery should be concluded nine (9) months from the termination of the stay, and expert discovery should be concluded twelve (12) months from the termination of the stay. In the event the case is not stayed, the parties propose that similar guidelines be applied from the time that it is determined that no stay will be imposed.

JPSR at 4-5.

Although the wording of the JPSR does not permit the court to ascertain with certainty all of the preferences of either party, the one apparent point of agreement is that the two parties both wish to explore settlement through ADR proceedings. On October 11, 2006, Judge Marian Blank Horn issued an order commencing ADR proceedings in both *Amy* and *Miller*.

With respect to plaintiff's assertion that the two cases should be consolidated, at this point, since both *Amy* and *Miller* are assigned to the undersigned, there is no apparent need for consolidation. Moreover, this court would require an actual motion in that regard, as well as a statement of the government's position on the issue of consolidation. Since the court views the issue of consolidation to be premature at this point, it will not be further addressed and if plaintiff subsequently deems consolidation to still be necessary, plaintiff may revisit the issue in the future by filing a motion in that regard.

Neither party has expressed a preference as to whether this case should be stayed pending the outcome of settlement negotiations and ADR proceedings. The parties do state, however, that they will likely need to exchange relevant documents in order to properly evaluate settlement issues. In the absence of a stated preference on the part of the parties, the court will not impose a stay at this time. Additionally, as stated, on October 11, 2006, ADR Judge Marian Blank Horn issued an order scheduling an ADR conference (telephonic) in chambers for October 23, 2006 in the subject matter.[1] Therefore, based on the above, the court

---

[1]/ On October 16, 2006, ADR Judge Horn issued an order rescheduling this conference to October 27, 2006.

concludes that it is premature to issue an order scheduling discovery deadlines and that the parties shall file a Joint Status Report at the conclusion of the scheduled ADR conference informing the court as to how the parties wish to proceed in the subject matter.

Accordingly, it is hereby **ORDERED** that the parties shall **FILE** a **Joint Status Report** within fourteen days after the conclusion of the parties' ADR telephone conference and inform the court as to how the parties would like to proceed. If the parties propose to proceed with discovery, the parties shall confer and propose discovery and/or dispositive motion dates, if applicable.

/s/Lynn J. Bush
LYNN J. BUSH